IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAIAH GUNARTT, #B-70459,        )
                                 )
    Plaintiff,              )
                                 )
vs.                              )   CASE NO. 10-cv-767-JPG
                                 )
ILLINOIS DEPARTMENT OF           )
CORRECTIONS, MICHAEL P.          )
RANDLE, WARDEN GAETZ, and J.     )
COWAN,                           )
                                 )
    Defendants.             )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Isaiah Gunartt, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed at Menard Correctional Center. Plaintiff is serving a 45-year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff suffers from multiple sclerosis and is confined to a wheelchair. He alleges that while he was housed in the segregation unit in Menard Correctional Center, on June 16, 2009, the toilet in his cell stopped working. When the plumber came to repair the toilet, he also tried to fix the leaky sink, which was dripping water onto the cell floor. Unfortunately, the plumber broke the sink, so Plaintiff then had no running water at all in the cell, other than the water in the toilet. The sink remained broken for 38 days, during which Plaintiff had no fresh drinking water, and had to resort to drinking his toilet water. He also had only the toilet water to brush his teeth

and wash his face and body. Plaintiff had to continue to use the same toilet to defecate and urinate.

Because of Plaintiff's multiple sclerosis, he must drink water regularly to avoid dehydration and overheating, which can lead to complications of his medical condition. During the time he was without fresh water, Plaintiff experienced discomfort and overheating.

Plaintiff filed a grievance over the broken sink on July 17, 2009. Following the filing of Plaintiff's grievance, the sink was repaired. Plaintiff then sought to appeal the matter further. He asserts that the grievance officer (Defendant Cowan) failed to respond to his appeal of the grievance, preventing him from timely seeking review by the Administrative Review Board.

Plaintiff seeks a jury trial and compensatory damages of $76,000,000.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Inhumane Cell Conditions**

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, the objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). The objective component of a conditions claim focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In several cases, unsanitary conditions, including lack of water, have been found to state a claim under the Eighth Amendment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson*, 955 F.2d at 22 (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also, DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim). Plaintiff's allegations that he was deprived of fresh water for 38 days and was forced to drink and wash with water from the same toilet where he urinated and defecated, meet the requirement of showing objectively unconstitutional

conditions.

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. This component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff's complaint falls short of the minimum allegations to state subjective deliberate indifference on the part of any of the named Defendants. Although Plaintiff claims that "prison officials" were present during the ill-fated plumbing job that broke his sink, and that "prison officials" knew he was without water for an extended period, he fails to identify by name any individual who either was present during the relevant incidents, was directly responsible for seeing that repairs were made, or to whom Plaintiff complained directly about the cell conditions.

This deficiency is grounds for dismissal of Plaintiff's claim. However, the Court will allow Plaintiff an opportunity to amend his complaint in order to name the defendant(s) directly responsible for the cell conditions he describes.

A word about the currently-named individual defendants is in order. Although Defendant Warden Gaetz is responsible for the overall administration of the prison, a supervisor such as Defendant Gaetz cannot be held liable in a § 1983 action merely because he holds a supervisory position. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Alternatively, if a defendant directed the unconstitutional conduct of another, or gave knowledgeable consent to the conduct which caused the constitutional violation, that defendant may have sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 651 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *McPhaul v. Bd. of Comm'rs of Madison Cnty.,* 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it,

approve it, condone it, or turn a blind eye for fear of what they might see.")).

Plaintiff's complaint contains no allegations against Defendant Gaetz, Defendant Cowan, or Defendant Randle that would either indicate they were personally responsible for the inhumane cell conditions, or that they knew about the conditions and directed or condoned the failure of subordinates to correct the constitutional violations. In addition, it is highly unlikely that either Defendant Cowan, in her role as Grievance Officer, or Defendant Randle, in his role as Director of the Illinois Department of Corrections, had personal knowledge of, let alone personal responsibility for the condition of Plaintiff's cell, or any role in directing others to correct the inhumane conditions. Absent any credible allegations of such responsibility, these Defendants should not be included in this action.

In addition, Plaintiff cannot maintain his claim against the Defendant Illinois Department of Corrections. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Dept. of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Again, in his amended complaint, Plaintiff must identify by name the individual defendant prison officials whom he alleges to be directly responsible for the failure to provide running water in his cell.

**Count 2 - Failure to Respond to Grievance**

Plaintiff alleges that he filed a grievance with his counselor over the lack of water on July 17, 2009. The sink was repaired, although Plaintiff disputes the counselor's notation that the repair was made on July 22, 2009 (Doc. 1, p. 5). Plaintiff asserts the repair did not take place until July 29, 2009. Plaintiff then forwarded his grievance to the grievance officer, Defendant Cowan, in an attempt to exhaust the appeal process. However, Defendant Cowan never returned the grievance to Plaintiff, preventing him from appealing it to the next level. Plaintiff did contact the Administrative Review Board, but no action was taken because he did not submit the matter to them within the required time frame (Doc. 6, p. 2).

It has long been established that there is no substantive due process right to have a grievance heard or ruled upon by prison officials, or that the grievance procedure be effective. "With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. [citations omitted] Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).

While the failure by prison officials to allow an inmate to proceed through all the steps of the grievance process in order to obtain a final administrative ruling may be relevant to the question of whether the inmate has exhausted all available administrative remedies, *see Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), such failure does not amount to a violation of substantive due process rights. Thus, Plaintiff's allegations that his grievance went unheeded and unanswered fails to state a constitutional claim, and Count Two against Defendant Cowan must

be dismissed with prejudice.

**Pending Motions**

Plaintiff's Motion for Jury Trial (Doc. 11) is **DENIED** as premature. Should Plaintiff comply with the order below to file an amended complaint, the Court will revisit this motion and set a presumptive jury trial date.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT TWO** fails to state a claim upon which relief may be granted, and is **DISMISSED** with prejudice. **DEFENDANT ILLINOIS DEPARTMENT of CORRECTIONS** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file his First Amended Complaint, naming the individual Defendant(s) responsible for the alleged constitutional violations in Count 1, within 35 days of the entry of this order (on or before June 14, 2011). Failure to file an amended complaint may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Thus, the First Amended Complaint must stand on its own, and Plaintiff must re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. The Court will not accept piecemeal amendments to the original complaint. Service on the Defendant(s) shall not be initiated until receipt of the amended complaint by the Clerk of Court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:   May 9, 2011**

    *s/J. Phil Gilbert*
    **United States District Judge**