IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAIAH GUNARTT, #B-70459, )
)
      Plaintiff, )
)
vs. ) CASE NO. 10-cv-767-JPG
)
MR. HOUER and MR. LONG, )
)
      Defendants. )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for review of Plaintiff Isaiah Gunartt's First Amended Complaint (Doc. 16[1]), filed in accordance with this Court's previous order (Doc. 12), and on Plaintiff's Motion for Service at Government Expense (Doc. 14) and Motion to Appoint Counsel (Doc. 15). Plaintiff is serving a 45-year sentence for murder. Plaintiff seeks relief for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Preliminary review of the First Amended Complaint must be conducted pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] The signed First Amended Complaint at Doc. 16 replaces Doc. 13, which was inadvertently sent unsigned. The First Amended Complaint was timely filed, having been placed in the mail on June 9, 2011.

28 U.S.C. § 1915A.

This Court dismissed Plaintiff's original complaint (Doc. 1) because he failed to name the individual defendants who were responsible for the alleged deprivations of Plaintiff's constitutional rights. The First Amended Complaint identifies the relevant Defendants as required.

**Factual Allegations**

This summary of the facts is drawn from the First Amended Complaint (Doc. 16). Plaintiff suffers from multiple sclerosis and is confined to a wheelchair. He alleges that while he was housed in the segregation unit in Menard Correctional Center, on June 16, 2009, the toilet in his cell stopped working. When the plumber came to repair the toilet, he also tried to fix the leaky sink, which was dripping water onto the cell floor. Unfortunately, the plumber broke the sink, so Plaintiff then had no running water at all in the cell, other than the water in the toilet. The sink remained broken for 38 days, during which Plaintiff had no fresh drinking water, and had to resort to drinking his toilet water. He also had only the toilet water to brush his teeth, wash his face and body, and to wet down his body in an attempt to stay cool. Plaintiff had to continue to use the same toilet to defecate and urinate.

Because of Plaintiff's multiple sclerosis, he must drink water regularly to avoid dehydration and overheating, which can lead to complications of his medical condition. This need is most acute during the summer months. During the 38 days Plaintiff was without fresh water (June 16 to July 24, 2009), his cell was very hot. Plaintiff experienced discomfort and overheating throughout this period, and many times vomited while attempting to drink the toilet water.

Defendant Correctional Officer Mr. Houer was the wing officer for Plaintiff's cell area, was present on June 16, 2009, when the plumber broke Plaintiff's sink, and was aware the sink was broken. Defendant Houer continued working as the wing officer, on duty five days per week for the entire time Plaintiff was without a functioning sink. Defendant Correctional Officer Mr. Long was the wing officer the other two days of the week. Plaintiff complained to Defendant Houer and to Defendant Long repeatedly about his need for water, asking for the sink to be fixed or to be moved to a different cell with a working sink. Plaintiff alleges both Defendants were aware of the fact Plaintiff was suffering in the summer heat. However, both Defendants ignored Plaintiff's requests, failed to report the problem to any superiors, and did nothing else to remedy the lack of water in Plaintiff's cell.

Plaintiff seeks a jury trial and compensatory damages of $76,000,000.

**Discussion**

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, the objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The objective component of a conditions claim focuses on the nature of the acts or practices alleged

to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In several cases, unsanitary conditions, including lack of water, have been found to state a claim under the Eighth Amendment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson*, 955 F.2d at 22 (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim). Plaintiff's allegations that he was deprived of fresh water for 38 days in the heat of summer and was forced to drink, wash, and cool himself with water from the same toilet where he urinated and defecated, meet the requirement of showing objectively unconstitutional conditions.

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. This component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are

inflicted. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

Plaintiff's First Amended Complaint (Doc. 16) sufficiently alleges subjective deliberate indifference on the part of Defendants Houer and Long. Defendant Houer was present during the ill-fated plumbing job that broke Plaintiff's sink, and knew he had no water. Both Defendant Houer and Defendant Long knew Plaintiff was without water for an extended period because Plaintiff complained directly to both Defendants about the cell conditions on a daily basis, requesting repairs or a move to a cell with a working sink. Neither Defendant took any action to remedy the deplorable conditions of Plaintiff's confinement. At this stage of the litigation, the claims against Defendants Houer and Long cannot be dismissed.

**Pending Motions**

Plaintiff's Motion for Service at Government Expense (Doc. 14) is **DENIED AS**

**MOOT**. Summons will be issued and served on Defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

As to Plaintiff's Motion to Appoint Counsel (Doc. 15), there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the . . . plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff has submitted three letters from attorneys who have declined to accept his case. Plaintiff's motion implies that he has not made inquiries to other attorneys; additional inquiries would be reasonable.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli*, 615 F.3d at 852 (noting infancy of case makes it impossible to make accurate determination of *pro se* litigant's ability to litigate case). Plaintiff's claim does not appear to be factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Plaintiff has stated in his

motion that he has only a seventh grade education, and has difficulty writing due to his multiple sclerosis, which causes spasms, crippling, and loss of sensitivity in his hands.  Nevertheless, Plaintiff's First Amended Complaint adequately articulates his claim.  Defendants have not yet been served with process and, therefore, have not yet filed a reply or answer to the complaint.  Future developments may change the Court's mind on whether or not counsel should be appointed.  At this early stage and time, though, the Court concludes that Plaintiff appears to be competent to litigate his case.  Therefore, Plaintiff's Motion to Appoint Counsel (Doc. 15) is **DENIED**, without prejudice to Plaintiff renewing his motion at a later date.

**Disposition**

    **IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **HOUER** and **LONG** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

    **IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting

service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 21, 2011**

          *s/J. Phil Gilbert*
          **United States District Judge**