IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAIAH GUNARTT,

       Plaintiff,

vs.

ILLINOIS DEPARTMENT OF
CORRECTIONS, MICHAEL P. RANDLE,
WARDEN GAETZ, J. COWAN, MR.
HOUER and MR. LONG,

       Defendants.

Case No. 10-cv-767-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court plaintiff Isaiah Gunartt's motion for a new trial (Doc. 146) to which defendant Mr. Heuer responded (Doc. 157).  For the following reasons, the Court denies the motion.

Gunartt's basis for a new trial arises from the racial composition of the jury.  Gunartt alleges he told counsel of the importance of having African-Americans on the jury.  Counsel explained to Gunartt that jurors would be selected from "all over" because this was a federal court.  At trial, there were no African-Americans in the venire.  Gunartt alleges that counsel's comment led him to believe there would be African-Americans on the jury.  As a result, Gunnart asserts two bases for a new trial – ineffective assistance of counsel and racial bias of the jury.

Federal Rule of Civil Procedure 59 provides that a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  This includes where the verdict is against the manifest weight of the evidence, the damages are excessive, or the trial was unfair to the moving party.  *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004).

It is well established that civil litigants do not enjoy a right to effective assistance of counsel.  *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).  Accordingly, to the extent Gunartt argues counsel was ineffective, his argument necessarily fails.  Moreover, counsel's advice regarding the selection of jurors in a federal trial was accurate, and counsel provided excellent representation to Gunartt at trial.

There is no doubt that racial discrimination in the selection of jurors in a civil trial may result in an unfair trial to a litigant and calls into question the integrity of the judicial system.  *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 630 (1991).  However, a litigant does not have the right to demand "a jury of a particular racial composition."  *Sargent v. Idle*, 212 F. App'x 569, 573 (7th Cir. 2006).  Here, Gunartt is objecting that no African-Americans were in the venire or the jury.  Gunartt, however does not have a right to demand a jury of any particular racial composition, and he has failed to point to anything in the record calling into question the impartiality of the jury.

For the foregoing reasons, the Court **DENIES** Gunartt's motion for a new trial (Doc. 146).

**IT IS SO ORDERED.**

**DATED:** October 21, 2013

                 s/ J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**